Requestor: Hon. Michael P. White, Executive Director Lake George Park Commission, Box 749 Lake George, New York 12845
Written by: G. Oliver Koppell, Attorney General
This is in response to your request for an opinion as to whether the Lake George Park Commission has the authority to impose a ban on the use of personal watercraft (PWC) on the waters of Lake George.
The State Navigation Law has established a scheme for the regulation of vessels on the navigable waters of the State. For example, under the standards set forth in the Navigation Law, masters or operators of vessels must navigate in a careful and prudent manner at all times; must operate at a rate of speed so as to not interfere unreasonably with the free and proper use of the navigable waters of the State and must not unreasonably endanger any vessel or person. Navigation Law, § 45(1);See, Op Atty Gen No. 94-26.
The Navigation Law also specifically regulates the operation of vessels known as personal watercraft (PWC). PWC, also known as jet skis, wave runners or wet bikes, are defined by Navigation Law, § 2(30) (first set-out) in the following way:
 "Personal watercraft" shall mean a vessel which uses an inboard motor powering a water jet pump as its primary source of motive power and which is designed to be operated by a person sitting, standing, or kneeling on, or being towed behind the vessel rather than in the conventional manner of sitting or standing inside the vessel.
See also, 6 NYCRR § 646-2.3(a)(3).
Section 73-a of the Navigation Law contains various regulations concerning the outfitting and operation of PWC. Section 73-a requires that PWC must be operated in a reasonable and prudent manner, specifically prohibiting activities such as weaving through congested vessel traffic, jumping the wake of another vessel unreasonably close to that other vessel and swerving at the last possible moment to avoid a collision. Navigation Law, § 73-a(g). Section 73-a also prohibits the operation of PWC in excess of 10 miles per hour, or within 500 feet of a designated bathing area. Id., § 73-a(f), (g). Section 73-a, by its very terms, applies to all navigable waterways in the State:
 The provisions of this section shall apply to the operation of a personal watercraft and a specialty prop-craft on any waterway or body of water located within New York state and not privately owned and any part of any body of water adjacent to New York state over which the state has territorial jurisdiction, including all tidewaters bordering on and lying within the boundaries of Nassau and Suffolk counties.
Navigation Law, § 73-a(i).
Thus, the operation of PWC on the navigable waters of the State is subject to the conditions set forth in section 73-a of the Navigation Law. We believe, however, that the Lake George Park Commission ("the Commission"), upon making certain findings pursuant to its enabling legislation, can impose additional restrictions on their operation and, if warranted in the Commission's judgment, ban their operation on the waters of Lake George. The Legislature has given the Commission special powers, beyond those provided by the Navigation Law, to regulate boating and other recreational activities on Lake George.
The Commission's powers and responsibilities derive from article 43 of the Environmental Conservation Law. The Legislature has made clear that the purpose of the Commission is to preserve the unique, natural beauty of Lake George and the land within the environs of Lake George State Park:
. . . the legislature hereby declares it to be in the public interest to preserve, protect, conserve and enhance the unique natural scenic beauty and to promote the study of the history, natural science, and lore of Lake George and the area near or adjacent thereto and to provide means whereby owners of real property near or adjacent to the lake, other interested individuals, corporations, associations, organizations, and municipalities bordering on the lake may preserve, protect and enhance the natural scenic beauty of the lake and its surrounding countryside and regulate the use of the lake and the area near or adjacent thereto for appropriate residential, conservation, health, recreational, and educational purposes.
Environmental Conservation Law (ECL), § 43-0101.
The Commission's powers are set forth in section 43-0107 of the ECL. They include numerous powers related to promoting the natural beauty of the park and controlling or limiting the use of real property within the park for commercial purposes (ECL §§ 43-0107[10], [15], [16], [17], [18], [19], [20], [24] and [30]); the authority to adopt rules and regulations necessary for carrying out its responsibilities under article 43; and the authority to "[d]o all things necessary or convenient to carry out the powers expressly granted by this article" (id., § 43-0107[32]).
In addition to the powers set forth in section 43-0107, section 43-0117
of the ECL gives the Commission authority to regulate recreational activity on the waters of Lake George:
 In order to protect and preserve the water quality of Lake George, to provide reasonable public access to Lake George without overcrowding, congestion or safety hazards, and to protect the resources of Lake George, the commission shall, consistent with the purposes of this article, promulgate regulations relative to the permitting of boats, the registration and the regulation of docks, wharfs and moorings, the regulation of marinas, the limits of speed and sound on Lake George, the regulation of recreational activities such as regatta-type events, water skiing, parasailing and other similar activities, and the regulation of tour boats, boat rentals and other rental activities.
ECL § 43-0117(4) (emphasis added).
Pursuant to this authority, the Commission has imposed restrictions on the manner of use and operation of vessels which would otherwise be allowed under the Navigation Law. Among these regulations are prohibitions on the anchoring, mooring or recreating from a vessel within 200 feet of the mean high-water mark of privately owned property on the Lake without the owner's permission. 6 NYCRR § 646-2.9.[1] In order to prevent overcrowding and congestion, reduce noise, protect the public health, safety and welfare, and preserve the resources of the park, the Commission has established restricted use zones which limit the public's access to certain areas of the Lake. 6 NYCRR § 646-2.5. Indeed, the Commission has already promulgated regulations governing the time and manner of operation of PWC on the waters of Lake George and limited regulations as to the place of operation. See, 6 NYCRR § 646-2.5(a).[2]
The Commission's authority to regulate recreational activities to provide public access to the Lake without overcrowding, congestion or safety hazards, together with its clearly stated purpose "to preserve, protect, conserve and enhance the unique natural scenic beauty" of Lake George and its environs and to preserve water quality, authorizes the Commission to impose restrictions on the operation of PWC. Were the Commission to conclude that operation of PWC on Lake George is contrary to these purposes and goals, it could enact regulations banning their use on the Lake. Obviously, if the Commission's findings do not justify a total ban, but indicate that some additional regulation is required, it can ban them in certain regions of the Lake or further control their operation.
We conclude that the Lake George Park Commission may prohibit the operation of personal watercraft on Lake George if it finds that such operation would be detrimental to recreational safety or to preserving, protecting and conserving the beauty and the environment of Lake George State Park.
[1] The regulations contain exceptions for fishing and emergency situations. 6 NYCRR 646-2.9(a)(1), (2).
[2] Enforcement of these regulations is governed by title 33 of article 71 of the ECL. Title 33 includes both civil and criminal sanctions for violations of any of the Commission's regulations promulgated under article 43.